UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | \* | Bankr. Case # 10-30015 |
| | | Chapter 11 |
| MICHAEL JOSEPH HARDES, | \* | |
| aka Mike Hardes, | | |
| fdba Hardes Farms – Sole Prop., | \* | |
| SSN: xxx-xx-2809, | | |
| | \* | **PLAN OF REORGANIZATION** |
| and | | **DATED DECEMBER 17, 2010** |
| | \* | |
| PENNY LYNN HARDES, | | |
| fdba Hardes Farms – Sole Prop., | \* | |
| SSN: xxx-xx-0715, | | |
| | \* | |
| Debtors. | | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.
## RETENTION OF JURISDICTION

United States Bankruptcy Court, District of South Dakota, shall retain jurisdiction of this case until completion of the Plan or any modification thereof.

## II.
## APPOINTMENT OF DISBURSING AGENT

Debtors shall be the disbursing agent and shall timely disburse all of the cash payments provided for herein.

## III.
## EXECUTORY CONTRACTS AND LEASES

The Plan provides for the rejection of all true leases and executory contracts entered into pre-petition. The Plan assumes post-petition farm land leases, grain bin leases and all pre-petition Federal farm programs.

## IV.
## ADMINISTRATIVE EXPENSES

Administrative expenses, other than attorney fees, shall be paid on the effective date of the Plan.  Trustee fees and clerk fees owed upon the effective date of the Plan shall be paid at that time.  Administrative claims for attorney fees and expenses shall be paid upon court approval.

Debtors paid their attorney $12,521.45 as a retainer and it is estimated an approximate $30,000.00 additional attorney fees and expenses will be needed to complete the Plan.

Debtors will file monthly operating reports and pay U.S. Trustee quarterly fees for a term five (5) years, until the case is closed, or until further Court order, whichever event occurs first.

## V.
## EFFECTIVE DATE

The effective date of the Plan shall mean the 11th day following the entry of an Order of Confirmation.

## VI.
## PRIORITY CLAIMS

Debtors owe the IRS $2,831.00 as a priority claim.  This amount will be paid in full upon confirmation of the Plan.  Debtors shall file all appropriate tax returns on a timely basis, post-petition, and timely pay.

## VII.
## CLASSIFICATION OF CLAIMS

The claims of creditors shall be divided into Classes as follows:

Class 1: Metropolitan Life Insurance Company;

Class 2:  First National Bank, Farmers and Merchants;

Class 3:  Diversified Financial Services, LLC;

Class 4:  State Bank and Trust;

Class 5:  GMAC;

Class 6:  GMAC;

Class 7:  Midland Farms, LLC; and

Class 8:  Unsecured Creditors.

## VIII.
## UNIMPAIRED CLAIMS AND INTERESTS

There are no unimpaired claims or interests.

## IX.
## IMPAIRED CLAIMS

All Classes of claims are impaired.

## X.
## TREATMENT OF CLASSES OF CLAIMS

THE FOLLOWING PROVISIONS APPLY TO THE CLASSES AS IDENTIFIED HEREAFTER:

A. As to all secured creditors, they shall retain their lien position until paid in accordance with the Plan.  Upon final payment, these creditors shall release all liens, mortgages, and encumbrances of record.  Debtor shall insure, maintain, replace, and repair the assets of secured creditors through the course of the Plan, so as to retain the value of assets, absent ordinary wear and tear.

B. Debtor reserves the right to prepay principal at any interval, on all secured claims, pro-rata, without penalty.  After secured creditors are paid in full Debtor reserves the right to prepay unsecured creditors.

C. In the event Debtor defaults any scheduled payment due to any creditor under this Plan, such creditor shall have the right to give Debtor thirty-days' written notice to cure such default.  In the event Debtor fails to timely cure a notice of default, then such creditor may accelerate the remaining balance due in accordance with this Plan and pursue its state court remedies without any further proceedings necessary in Bankruptcy Court.

Class 1 – METROPOLITAN LIFE INSURANCE COMPANY:  This creditor has a claim in the amount of $1,742,098.55, which is secured by mortgages filed against land in Hand County, South Dakota and Ziebach County, South Dakota.  This creditor is fully secured. Pendency interest accruing at the rate of 5.0% per annum from the date the Chapter 11 petition was filed to the approximate date of confirmation, in the amount of $65,328.69, will be paid upon the entry of an order of confirmation.  The remaining claim will be amortized over a period of thirty (30) years with interest at the rate of 5.0% for a semi-annual payment of $56,374.32, with the first payment due on or before June 1, 2011 and the next

payment due on or before December 31, 2011 and semi-annually thereafter with a balloon balance due December 15, 2025. This creditor is over secured so it is entitled to reasonable attorney fees and costs as allowed under 11 U.S.C. §506(b), which amount shall be paid with the balloon payment. This is a joint claim with Michael Hardes and although this exact treatment will be stated in Michael Hardes' Chapter 11 Plan, it is not intended to be duplicate.

Class 2 – FIRST NATIONAL BANK, FARMERS AND MERCHANTS: This creditor is secured by real estate mortgages and all farm assets. This creditor is fully secured. This creditor has a claim in the amount of $1,893,223.11, Pendency interest accruing at the rate of 5.0% per annum from the date the Chapter 11 petition was filed to the approximate date of confirmation, in the amount of $70,995.87, will be paid upon the entry of an order of confirmation. The remaining claim will be amortized over a period of thirty (30) years with interest at the rate of 5.0% for a semi-annual payment of $61,264.70, with the first payment due on or before June 1, 2011 and the next payment due on or before December 31, 2011 and semi-annually thereafter with a balloon balance due December 15, 2025. This creditor is over secured so it is entitled to reasonable attorney fees and costs as allowed under 11 U.S.C. §506(b), which amount shall be paid with the balloon payment. This is a joint claim with Michael Hardes and although this exact treatment will be stated in Michael Hardes' Chapter 11 Plan, it is not intended to be duplicate.

Class 3 – DIVERSIFIED FINANCIAL SERVICES, LLC: This creditor is secured by liens on four grain bins. The Court entered an order approving a Stipulation for adequate protection and such stipulation will be incorporated into the Plan. Debtors will pay this credit the sum of $2,411.10 per month, which is a full amortization of approximately $170,000.00 paid over a term of seven (7) years with an interest rate at 5.0%. The undersecured portion of this creditor's claim shall be paid in the unsecured class. This is a joint claim with Michael Hardes and although this exact treatment will be stated in Michael Hardes' Chapter 11 Plan, it is not intended to be duplicate.

Class 4 – STATE BANK AND TRUST : This creditor is secured by a lien on an 80 ft. by 140 ft. steel building. The value of this building is agreed to be $60,000.00. It is estimated that the cost to remove this building would exceed its value upon liquidation. The value will be paid over a term of ten years with interest at a rate of 5.0%, first monthly payment in the amount of $636.39 to be made on or before January 14, 2011, and 119 monthly payments thereafter. The remaining portion of this creditor's claim, in the amount of $50,887.00, will be paid in accordance with the unsecured creditor class. This is a joint claim with Michael Hardes and although this exact treatment will be stated in Michael Hardes' Chapter 11 Plan, it is not intended to be duplicate

Class 5 – GMAC: This creditor has a lien on Debtors' 2006 Chevy Impala. The value is $8,050.00 and pre-confirmation adequate protection payments in the amount of $600.00, for four months, shall be deducted from the value. The remaining $7,400.00 shall be paid over the term of five years with interest at the

rate of 5.0% for a monthly payment amount of $139.71.  The first plan payment will begin within thirty days from the date of confirmation of the plan.

Class 6 – GMAC:  This creditor has a lien on Debtors' 2009 Chevy Impala.  The value is $20,000.00.  This creditor will be paid over a term of five years with interest at a rate of 5.0% for a monthly payment in the amount of $377.60 with the first payment beginning within thirty days from the date of confirmation of the plan.

Class 7 – MIDLAND FARMS, LLC:  This creditor is the first judgment creditor so a portion of its claim shall be considered a secured claim.  After application of the Doctrine of Marshalling, the secured value of this creditor's claim is $225,000.00.  The secured value will be amortized over a period of thirty (30) years and paid semi-annually on June 1 and December 31 of each year, starting 2011.  The payments will be in the amount of $7,281.00, with a balloon payment due December 15, 2025.  The remaining portion of this creditor's claim shall be paid in accordance with the unsecured creditor class.

Class 8 – UNSECURED CREDITORS:  This class shall consist of all unsecured creditors who have timely filed a Proof of Claim which is not properly objected to or are listed on Debtors' Schedules or Amendments, that are not listed by Debtor as disputed, contingent, or unliquidated, or those creditors who obtained a court Order allowing their claim.

This class of creditors will receive all "net disposable income", such income not reasonably necessary to be expended for the maintenance and support of Debtors and family, and for the necessary expenditures for the farm, as specifically defined in 11 U.S.C. §1129(a)(15), which refers to 11 U.S.C. §1325(b)(2), for a period of ten (10) years with the first payment being made on or before December 31, 2011.  See Exhibit "B".  A substantial portion of creditors are joint creditors with Debtors' son Wade Hardes' and the net income shown on Exhibit "B" is the joint net income, including the son's portion of net income.  The "net income" is not intended to be a duplicate payment with the Wade and Keri Hardes Chapter 11.

Upon confirmation Debtors Wade and Keri Hardes, after offset, expect to receive $9,726.20, and Wade's parents expect $41,441.00, all from Federal farm programs, DCP and ACRE.  Debtors also expect to receive SURE program payments in the estimate amount of $200,000.00 - $400,000.00.  Debtors had been trying to get more accurate numbers on the SURE payments, but they are unavailable.  Debtors do not expect Federal farm program payments for the 2010 crop year or after since the land is all leased.  Upon receipt of Federal program payments, the fund will be held in trust and paid pro-rata to creditors in this claim once allowed claims are determined.

Judgment Creditors:  Based upon Debtors estimates of liquidation values, after applying the Doctrine of Marshalling and priority (IRS) claims.  There is approximately $225,000.00 equity in all Debtors' and Mike and Penny's assets

for any judgment to attach. That equity will be paid to Judgment Creditor Midland Farms, LLC in a secured creditor class. All other Judgment holders have liens that are not supported by any equity so those judgment lien holders will be considered unsecured creditors and treated as Class 12 claimants. Upon discharge, after completion of the Plan payments, the in Personam and in Rem liability for these judgments will be discharged and shall be deemed released.

## XI.
## MEANS FOR PLAN'S EXECUTION

Debtor shall retain all property of the estate. Debtor shall adhere to the above described payment schedules and such payments shall be made from the proceeds of Debtor's continued operation. All property of the estate shall be vested in Debtor upon the effective date of the Plan.

## XII.
## NEW POST-FILING INDEBTEDNESS

No new post-filing indebtedness, other than what has been set out in this Plan, has been incurred by Debtor which are in arrears or not current.

## XIII.
## PRE-PETITION CLAIMS THAT MAY BE PURSUED BY DEBTOR

Debtor shall retain the right to continue any prepetition causes of action. Further, Debtor shall have the continued right to dispute, contest and object to Proofs of Claims.

## XIV.
## PRESERVATION OF RIGHTS FOR THE JOSEPH E. HARDES TRUST

The Joseph E. Hardes Trust is considering filing a nondischarge of debt complaint against Michael Hardes relating to his administration of trust assets. This Plan reserves the right for such creditor to file such Complaint within one year from the effective date of the Plan.

## XV.
## MISCELLANEOUS PROVISIONS

Debtors pledge in good faith to maximize income by entering into competitive farm leases and storage bin leases.

Debtors have no domestic support obligations which would require notices otherwise to be given in accordance with 11 U.S.C. §1106 (c) and 11 U.S.C §1129 (a)(14).

      In accordance with 11 U.S.C. §1123(a)8) and §1129(a)(15), Debtor's plan hereby provides that all future disposable income will be devoted to the plan as necessary for the execution of the plan , and as defined in 11 U.S.C. §1325(b)(2), and the value of property to be distributed under the Plan is not less than Debtor's projected disposable income to be received during the period of the Plan.

      In accordance with 11 U.S.C. §1141(d)(5)(A), Debtor's discharge will not be available until completion of the plan.

## XVI.
## CONCLUSION

      It is respectfully submitted that Debtors have given every thought to the complex problems confronting them and, with the assistance of counsel, have devised and formulated this Plan, with the hope that equitableness and fairness of the Plan will be considered by the parties in interest whose consent is necessary to confirm. It is sincerely hoped that all creditors will join in the consent of the Plan, so that they, as well as Debtor, will receive the maximum results.

      Respectfully submitted this 17th day of December, 2010.

                                            /s/ Michael Joseph Hardes
                                              Michael Joseph Hardes

                                            /s/ Penny Lynn Hardes
                                              Penny Lynn Hardes

Prepared by:
GERRY & KULM ASK, PROF. LLC

By: /s/ Clair R. Gerry
      Clair R. Gerry
      Attorneys for Debtors
      507 West 10th Street
      P.O. Box 966
      Sioux Falls, SD 57101-0966
      Telephone: (605) 336-6400
      Facsimile: (605) 336-6842
      Email: gerry@sgsllc.com